IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ibn Gadson, #373198,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Lt. K. Borem; Capt. Toth; Lt. Aguayo; Lt. Perks; Sgt. Awtry; Sgt. Pravia; Sgt. Zappola; MHP Riquelme; MHP Pena,<br><br>　　　　Defendants. | C/A No. 4:24-5554-CMC-TER<br><br>**ORDER** |

　　This case is before the court because of Plaintiff's failure to comply with the Magistrate Judge's order of March 14, 2025. ECF No. 44.  A review of the record indicates the Magistrate Judge ordered Plaintiff to submit additional information needed to complete service of process on Defendant Pravia within fourteen days, and specifically informed Plaintiff if he failed to do so Defendant Pravia would be subject to dismissal.  The court has not received any response from Plaintiff and the time for compliance has passed.  Plaintiff has not submitted additional information for the U.S. Marshals to serve Defendant Pravia and a prior attempt to serve, with three separate endeavors totaling 162 miles,  resulted in an unexecuted summons.

　　The mail in which the order was sent to Plaintiff at the address provided has not been returned to the court, thus it is presumed Plaintiff received the order, but has neglected to comply with the order within the time permitted under the order.

　　Plaintiff's lack of response indicates an intent to not prosecute this case against Defendant Pravia, and subjects this defendant to dismissal.  *See* Fed. R. Civ. P. 41(b); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning

given). A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard*, 882 F.2d at 95, *cert. denied* 493 U.S. 1084 (1990). In considering whether dismissal is appropriate pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of plaintiff's responsibility in failing to respond;
>
> (2) the amount of prejudice to the defendant;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

In the present case, Plaintiff is proceeding *pro se* and he is entirely responsible for his actions. It is solely through Plaintiff's own neglect, and not that of an attorney, that Plaintiff has not provided additional information in order to complete service on Defendant Pravia. Plaintiff was previously warned that: "The providing of sufficient, accurate, and complete information on the Form USM-285 is the responsibility of Plaintiff." ECF No. 44. The court has "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Accordingly, Defendant Pravia is dismissed from this action without prejudice pursuant to Fed. R. Civ. P. 41(b). This matter is re-referred to the Magistrate Judge for further pre-trial proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
April 15, 2025

3